UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

PEGGY C. PERSIK,

      Plaintiff,

v.                                           Case No. 18-cv-1252-pp

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

---

**ORDER GRANTING MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 2)**

---

On August 14, 2018, the plaintiff filed a complaint seeking judicial review of a final administrative decision denying her claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. The plaintiff also filed a motion for leave to proceed without prepayment of the filing fee. Dkt. No. 2.

To allow the plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff can pay the filing fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

Based on the facts in the plaintiff's affidavit, the court concludes that she does not have the ability to pay the filing fee. The plaintiff indicates that she is single, that she has expenses of $280 per month but no income, and that she has only $41.85 in cash/checking/savings. Dkt. No. 2 at 2-5. She owns a 2017

1

Volkswagen Passat, which she values at $17,000; she does not include a car payment in her expenses, and it appears that she may simply have her name on the title of someone else's car. Id. at 3, 5. She does not own a home; she says she "live[s] with a friend they pay all household expenses since [she has] no income." Id. at 5. The court concludes from that information that the plaintiff cannot pay the $350 filing fee and $50 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 Fed. 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision if the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff's complaint states that the administrative law judge failed to properly address the plaintiff's objections to aspects of the vocational testimony, and that the ALJ failed to appropriately and adequately evaluate the opinions of the plaintiff's treating sources. Dkt. No. 1 at 2. At this early stage in the case, and based on the information in the plaintiff's complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without paying the filing fee. Dkt. No. 2.

Dated in Milwaukee, Wisconsin this 22nd day of August, 2018.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**United States District Judge**